# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00288-CR

### Ex parte Brian Stanley Granados

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR 11-0311-A, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On April 23, 2014, appellant Brian Stanley Granados filed a notice of appeal stating that he was appealing "the Findings of Fact and Conclusions of Law and Order Denying Relief rendered against [him]." On May 2, 2014, the State filed an agreed motion to abate the appeal indicating that while "the trial court 'recommends' the State's proposed Findings of Facts and Conclusions of Law," the trial court has not yet entered a written order granting or denying relief.

Article 11.072 of the Texas Code of Criminal Procedure "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. art. 11.072, § 1. Pursuant to the statute, "the trial court shall enter a written order granting or denying the relief sought in the application." *Id.* § 6(a). The statute provides for appeal by the applicant "[i]f the application is denied in whole or part[.]" *Id.* § 8.

Because the trial court has not denied appellant's application by written order, appellant's notice of appeal is premature. *See* Tex. R. App. P. 27.1(b). Accordingly, we grant the State's motion to abate. We abate this appeal and remand the cause to the trial court for entry of a signed written order on the application for writ of habeas corpus. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal); Tex. Code Crim. Proc. art. 11.072, § 6(a). The written order shall include findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. art. 11.072, § 7(a). Once entered, the signed order shall be included in a supplemental clerk's record and filed with this Court no later than June 6, 2014.

It is so ordered on this the 12th day of May, 2014.

Before Justices Puryear, Goodwin, and Field

Abated and Remanded

Filed: May 12, 2014

Do Not Publish

2